IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD WILLIAMS                               *

Plaintiff                                     *

v                                             *          Civil Action No. JFM-11-538

CORRECTIONAL MEDICAL SERVICES      *

Defendant                                     *
                                            ***
## MEMORANDUM

Pending is defendant's motion to dismiss for failure to state a claim.  ECF No. 12.  Also pending is plaintiff's motion to hold defendant's motion to dismiss in abeyance pending amendments to the complaint.  ECF No. 18.  For the reasons set forth below, defendant's motion[1] shall be granted and the complaint will be dismissed.

The instant complaint states that plaintiff was denied his daily medication for treatment of manic-depression disorder on October 30, 2009, while he was detained at Maryland Reception Diagnostic and Classification Center (MRDCC).  He claims denial of his medication violated his Eighth Amendment rights.  ECF No. 1.

Defendant moves to dismiss in part because plaintiff raised the same claim in this court previously and it was dismissed for failure to state a claim.  ECF No. 12.  Indeed, in the prior case plaintiff claimed that "[o]n October 30, 2009, I was released from D.O.C." and "I was not supplied with any medication for my mental health disorder."  *Williams v. Correctional Medical Services*, Civil Action JFM-10-2561 (D. Md.) at ECF No. 1.   In a supplemental pleading plaintiff clarified that he was suing because the failure to provide him with medication upon his release from prison caused him to experience a manic episode which led to his re-incarceration.

---

[1] Counsel's motion to withdraw as attorney shall also be granted.  ECF No. 17.

*Id*. at ECF No. 4.

This court dismissed plaintiff's prior claim because "the failure to provide plaintiff with medical care upon his release from prison does not state a claim." *Id*. at ECF No. 5.  This court also observed that "[o]nce a prisoner is released he is no longer reliant upon the Division of Correction or its medical contractor to provide medical care." *Id*. *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The instant complaint raises the identical claim, but is phrased as if the failure to medicate plaintiff occurred during his incarceration.  ECF No. 1.  Plaintiff's motion to amend the complaint seeks to hold defendant's motion to dismiss in abeyance while he obtains medical records to establish which of defendant's employees failed to provide the medication he required. ECF No. 18.  The flaw in the complaint, however, is not in the identification of the defendant but in the claim raised.  Plaintiff's attempt to re-phrase the claim in order to avoid the analysis applied to the prior case is not lost on this court and it is clear from that attempt that plaintiff was well aware that his claim is not viable.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Application of this standard to the instant case requires dismissal.  In addition, plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury." The instant case will be the first filed by plaintiff that has been dismissed as frivolous.

A separate Order follows.


___September 30, 2011___                          ___/s/_____
Date                                                          J. Frederick Motz
                                                                 United States District Judge